UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 20-23561-CIV-ALTONAGA

**NUNO ALPENDRE**,

    Plaintiff,
v.

**CORAL GABLES ASSET MANAGEMENT LLC** and
**DAVID COGGINS**,

    Defendants.
_____/

### ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Showing of Good Cause Why This Action Should Not be Dismissed for Failure to Perfect Service of Process and Motion to Extend the Deadline to Effect Substitute Service [ECF No. 11], filed on November 20, 2020.  The relief Plaintiff seeks is obvious from the title of his Motion.

Plaintiff filed this action on August 26, 2020 (*see* Compl. [ECF No. 1]), and on September 11, 2020, the Court entered an Order [ECF No. 9] reminding Plaintiff of his obligation under the Rules to serve Defendants with the summons and Complaint on or before November 24, 2020 or show cause why the action should not be dismissed (*see id.*).   In his Motion, Plaintiff describes how Defendant David Coggins evaded service of process on four occasions from November 3 to November 16, 2020.  (*See* Mot. 2).   Plaintiff states he reached out to counsel for Coggins on October 2, 2020 to inquire whether counsel would accept service for Coggins but was told counsel was not authorized to do so.  (*See id.* 2–3).  Defendant Coral Gables Asset Management LLC is now defunct and presumably has no assets, and Plaintiff surmises Coggins is aware of this lawsuit and is evading service.  (*See id.* 3–4).  Consequently, Plaintiff asks for an additional 30 days to

CASE No.: 20-23561-CIV-ALTONAGA

serve the Secretary of State under Florida Statute section 48.181(1). (*See id.* 3–5).

Plaintiff's Motion is silent on what efforts, if any, Plaintiff engaged in to serve Coggins before the four attempts in November and the October 2, 2020 email inquiry to defense counsel. It appears Plaintiff did nothing to serve Defendants from August 26 to November 3. Plaintiff had ample time to hire a process server to effectuate service or to seek to be allowed to serve the Secretary of State; certainly, the Court's September 11, 2020 Order appears to have had little effect. On these facts, the Court does not find Plaintiff has shown good cause for his delay or his request for a 30-day extension. *See Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008) (noting district court properly exercised its discretion in denying additional time to perfect service after it considered plaintiff's inaction when notified of an insufficiency defense claimed in the defendant's answer and failure to seek an extension of time to serve, and the absence of evidence of an attempt by the defendant to evade service).

Further, notably absent from the Motion is any request to amend the Amended Complaint [ECF No. 5] to include jurisdictional facts that bring Coggins within the applicable statute. *See Alhussain v. Sylvia*, 712 So. 2d 806, 807 (Fla. 4th DCA 1998) (substitute service under section 48.181 improper where the complaint alleged the defendant was a Florida resident but "failed to allege, nor was it amended to allege, that [the defendant] had become a nonresident or was concealing his whereabouts." (alteration added)); *see also Taverna Opa Trademark Corp. v. Ismail*, No. 08-20776-Civ, 2009 WL 1220513, at *1 (S.D. Fla. Apr. 30, 2009) (stating jurisdictional allegations are required in the complaint as a prerequisite to seeking the benefit of substitute service). The Court is also not advised there exists a statute-of-limitations bar to refiling the action. *See, e.g.*, *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (citation omitted).

CASE No.: 20-23561-CIV-ALTONAGA

Being fully advised, it is

**ORDERED AND ADJUDGED** that Motion to Extend the Deadline to Effect Substitute Service **[ECF No. 11]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of November, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record